UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL JOHNSON,

    Petitioner,                              Civil Action No. 2:13-CV-10292

v.                                        HONORABLE DENISE PAGE HOOD
                                            UNITED STATES DISTRICT COURT

3RD JUDICIAL CIRCUIT COURT
OFFICIALS, et. al.,

    Respondents,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Darryl Johnson, ("Petitioner"), presently incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan, has filed an independent action for relief from judgment under Fed. R. Civ. P. 60(d)(3), which he has formally entitled "Criminal Complaint of Extortion Malfeasance Fraud & Perjury Rule 60(b)(d)(3)." In his application, filed *pro se*, Petitioner challenges his criminal convictions for unspecified offenses out of the Wayne County Circuit Court. For the reasons stated below, the motion for relief from judgment is dismissed without prejudice.

### I. Background

Petitioner was convicted of unspecified convictions in the Wayne County Circuit Court. It is unclear whether petitioner appealed his conviction to the Michigan Court of Appeals or to the Michigan Supreme Court.

Petitioner has now filed a motion for relief from judgment pursuant to Fed.

R.Civ. P. 60(b)(d)(3), in which he challenges his criminal convictions by claiming that a fraud was committed upon the state court by the prosecutor and the police and various court officials.

## II.  Discussion

Where a state prisoner is challenging the very fact or duration of his or her physical imprisonment and the relief that he or she seeks is a determination that he or she is entitled to immediate release or a speedier release from that imprisonment, his or her sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  A Rule 60(b) motion for relief from judgment is not an appropriate vehicle for a habeas petitioner to attempt to have his or her criminal conviction set aside. *See United States v. Pope,* 124 Fed. Appx. 680, 682 (2nd Cir. 2005).  Although a Rule 60(b) motion may be used "to set aside a habeas denial" in certain limited circumstances, such a motion "does not itself seek habeas relief." *Id.* (quoting *Harris v. United States*, 367 F. 3d 74, 80 (2nd Cir. 2004)).  In this case, a Rule 60(b) motion is not appropriate, because petitioner is not seeking to set aside a denial of habeas relief, since he never sought such relief in the form of a petition for writ of habeas corpus. *Id.*  A review of petitioner's motion for relief from judgment shows that he is challenging the validity of his state court criminal convictions and that he seeks to have these convictions vacated or set aside.  Petitioner's sole federal remedy to challenge his state court convictions would be by filing a petition for writ of

2

habeas corpus pursuant to 28 U.S.C. § 2254.

When a *pro se* prisoner files a mislabeled civil action that should have been filed under the habeas corpus statute, the suit should not be converted into a habeas corpus action and decided on the merits. Instead, the proper action is to dismiss the action without prejudice. *See Staples v. Casperson,* 6 Fed. Appx. 481, 483-84 (7th Cir. 2001). Thus, rather than re-characterizing petitioner's motion as a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, this Court shall dismiss his claims without prejudice to avoid any adverse consequences with respect to any § 2254 claim or claims that petitioner may wish to file in the future. *See Martin v. Overton*, 391 F. 3d 710, 713 (6th Cir. 2004)(holding that the district court should have dismissed the habeas petitioner's § 2241 petition without prejudice to allow petitioner to raise his potential civil rights claims properly as a § 1983 action rather than to re-characterize it as a § 2254 petition without notice to petitioner); *See also Hornsby v. Booker,* No. 06-CV-11612, 2006 WL 932101, * 1 (E.D. Mich. April 11, 2006)(dismissing Rule 60(b) motion for relief from judgment that had been brought to challenge state court conviction without prejudice, rather than converting it to a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254); *Brown v. Lafler*, 05-CV-72437DT; 2005 WL 2122101, * 2 (E.D. Mich. August 31, 2005)(same).

3

### III.  ORDER

Based upon the foregoing, IT IS HEREBY ORDERED that Petitioner's Rule 60(b)(d)(3) motion for relief from judgment is DISMISSED WITHOUT PREJUDICE.

S/Denise Page Hood<br>
Denise Page Hood<br>
United States District Judge

Dated:  February 7, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 7, 2013, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry<br>
Case Manager